IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ING BANK, FSB., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 09-CV-897-SLR |
| | ) | |
| DANA PALMER, | ) | |
| TEAM ONE APPRAISALS, and | ) | |
| AMERICAN REPORTING | ) | |
| COMPANY, LLC | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 29th day of September, 2010, having considered defendant American Reporting Company, LLC's ("ARC") motion to transfer venue, as well as the papers filed in connection therewith;

IT IS ORDERED that said motion (D.I. 12) is denied, as follows:

1. ARC's motion to transfer is filed pursuant to 28 U.S.C. § 1404(a), which provides, in relevant part, that:

> For the convenience of parties and witnesses, in the interest of justice, a district court **may** transfer any civil action to any other district or division where it might have been brought.

(emphasis added)   Congress intended through § 1404 to place discretion in the district court to adjudicate motions to transfer according to an individualized, case-by-case

consideration of convenience and the interests of justice. *Stewart Org., Inc. v. Rich Corp.*, 487 U.S. 22, 29 (1988); *Affymetrix, Inc., v. Synteni, Inc.*, 28 F. Supp.2d 192, 208 (D. Del. 1998).

    2. The burden of establishing the need to transfer rests with the movant "to establish that the balance of convenience of the parties and witnesses strongly favors the defendants." *Bergman v. Brainin*, 512 F. Supp. 972, 973 (D. Del. 1981) (citing *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970)). "Unless the balance is strongly in favor of a transfer, the plaintiff's choice of forum should prevail." *ADE Corp. v. KLA-Tencor Corp.*, 138 F. Supp. 2d 565, 567-68 (D. Del. 2001); *Shutte*, 431 F.2d at 25. The deference afforded plaintiff's choice of forum will apply as long as a plaintiff has selected the forum for some legitimate reason. *C.R. Bard, Inc. v. Guidant Corp.*, 997 F. Supp. 556, 562 (D. Del. 1998). Where the dispute between the parties arises from a contract containing a forum selection clause, said clause is

> "prima facie valid and should be enforced unless enforcement is found to be unreasonable under the circumstances." A forum selection clause is "unreasonable" where the defendant can make a "strong showing" **either** that the forum thus selected is "so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court" **or** that the clause was procured through "fraud or overreaching."

*Foster v. Chesapeake Ins. Co.* 933F.2d 1207 (3d Cir. 1991) (emphasis in original) (citing *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15-16 (1972)).

    3. The record does not reflect circumstances that warrant a transfer of this action from the District of Delaware. To the contrary, strong policy concerns dictate that the suit remain here. The contract between the parties giving rise to the suit contains a choice of forum clause designating Delaware as the choice of forum. This clause is

prima facie valid and enforceable. Since plaintiff's primary place of business is in Delaware (D.I. 1 at ¶ 3), Delaware is plaintiff's "home turf." *Joint Stock Soc'y v. Heublein, Inc.*, 936 F. Supp. 177, 186 (D. Del. 1996). This gives plaintiff's decision to sue here additional weight. *Id.* While the events that gave rise to this lawsuit occurred primarily in Washington state (D.I. 1 at ¶ 12), it is not enough to overcome the strong presumption in favor of Delaware. ARC may have a heavy burden litigating across the country[1] (*id.* at ¶ 6), yet it has not shown that Delaware is "so gravely difficult and inconvenient that [it] will for all practical purposes be denied [its] day in court." Nor has ARC alleged that the choice of forum clause was procured "through fraud or overreaching." Because ARC has failed to overcome its substantial burden, the motion to transfer is denied.

                                                       /s/ *signature*
                                             United States District Judge

---

[1] ARC argues that, if the case goes to trial, it would face a significant burden because nearly half of the appraisal department staff would be forced to attend as witnesses. (D.I. 12 at ¶ 33-34) In addition, the independent witnesses are located in Washington and, therefore, outside of the subpoena power of the court. (*Id.* at ¶ 40) Given that less than 20% of all cases go to trial, and that witnesses can be deposed where they work, this argument is unpersuasive at this time. *Quantum Loyalty Sys. v. TPG Rewards, Inc.*, Civ. No. 09-022, 2009 WL 890644, at *2 n.3 (D. Del. Apr. 2, 2009).