IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ING BANK, FSB., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 09-CV-897-SLR |
| | ) |
| DANA PALMER, | ) |
| TEAM ONE APPRAISALS, and | ) |
| AMERICAN REPORTING | ) |
| COMPANY, LLC | ) |
| | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 29th day of September, 2010, having considered defendants Dana Palmer and Team One Appraisal's (collectively, "Palmer")[1] motion to dismiss for lack of personal jurisdiction, as well as the papers filed in connection therewith;

IT IS ORDERED that said motion (D.I. 8) is granted, as follows:

1. **Legal standard.** Rule 12(b)(2) directs the court to dismiss a case when the court lacks personal jurisdiction over a defendant. Fed. R. Civ. P. 12(b)(2). When reviewing a motion to dismiss pursuant to Rule 12(b)(2), a court must accept as true all allegations of jurisdictional fact made by the plaintiff and resolve all factual disputes in the plaintiff's favor. *Traynor v. Liu,* 495 F. Supp. 2d 444, 448 (D. Del. 2007). Once a

---

[1]Defendant Dana Palmer performs professional real estate appraisals under the trade name Team One Appraisals. (D.I. 1 at 5) For the purposes of this motion, both she and Team One Appraisals will be treated as a single entity.

jurisdictional defense has been raised, the plaintiff bears the burden of establishing, with reasonable particularity, that sufficient minimum contacts have occurred between the defendant and the forum to support jurisdiction. *See Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987). To meet this burden, the plaintiff must produce "sworn affidavits or other competent evidence," since a Rule 12(b)(2) motion "requires resolution of factual issues outside the pleadings." *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 67 n.9 (3d Cir. 1984).

2. When personal jurisdiction over a party is alleged to exist as a result of a forum selection clause in a contract to which the party is a non-signatory, this court follows the three step analysis developed in *Hadley v. Shaffer*, Civ. No. 99-144, 2003 WL 21960406, at *4 (D. Del. Aug 12, 2003). First, the court must determine whether the contract's forum selection clause is valid. *Id.* Then, the court must decide whether the party is a third-party beneficiary, or closely related party to the agreement. *Id.* Finally, the court must ascertain if the claims against the party arise from its status related to the agreement. *Id.* at *6.

3. **Discussion**. In the case before the court, Palmer is an independent contractor of defendant American Reporting Company LLC ("ARC"). (D.I. 10 at 6) Plaintiff and ARC are the sole signatories to an appraisal service agreement ("service agreement") entered into on or about September 19, 2005, which forms the basis for this lawsuit. (D.I. 1 at ¶ 1) It is undisputed that Palmer has no contact with the State of Delaware outside of her third party relationship to the service agreement between plaintiff and ARC. (D.I. 8 at ¶ 3) As such, the court must engage in a *Hadlely* analysis

to determine if the forum selection clause in the service agreement is sufficient to confer personal jurisdiction over Palmer.

4. In its memorandum order of the same date, this court has found that the service agreement contains a valid forum selection clause. Thus, the first step of the *Hadley* analysis is satisfied.

5. Plaintiff does not argue that Palmer is a third-party beneficiary to the service agreement. (D.I. 9 at 8) Instead, it argues that Palmer is a "closely related" party. *Id.* The difference is subtle, but the evaluation of when a party is "closely related" to a contract turns on the party's actions after the contract was executed, and derives from principles of equitable estoppel. *Capital Group Companies, Inc. v. Armour*, Civ. No. 422, 2004 WL 2521295, at *6 n.40 (Del. Ch. Nov. 3, 2004). The only argument plaintiff makes to support its claim is that "Palmer . . . enjoyed the benefits of the service agreement which provided appraisal work associated with the subject investment properties of Plaintiff, a Delaware Corporation." The court finds this unpersuasive.

6. Courts utilize equitable estoppel to "prevent a non-signatory from embracing a contract, and then turning its back on the portions of the contract . . . that it finds distasteful. *E.I. DuPont de Nemours and Co. v. Rhone Poulenc Fiber and Resin Intermediates, S.A.S.*, 269 F.3d 187, 200 (3d Cir. 2001). There is no indication that Palmer ever "embraced" the service agreement. Palmer merely performed an appraisal pursuant to a separate, and already existing, agreement with ARC. (D.I. 10 at 7) She was paid directly by ARC for her services, and her payment was not conditioned on ARC's receipt of payment from plaintiff. (*Id.*) This pales in comparison to the activities

of the non-signatory in *Hadley* who not only asserted that the forum selection clause was applicable to him in an earlier filed action, but also used his third-party beneficiary status to seek compensation for alleged breaches of the agreement. *Hadley*, 2003 WL 21960406, at *5. Because Palmer never embraced the service agreement, she is not a closely related party, and plaintiff fails the second step of the *Hadley* analysis.[2]

_____
United States District Judge

---

[2] Although the court need not address the third step in the *Hadley* analysis since plaintiff failed the second, the court finds that plaintiff's claims arise from Palmer's standing relating to the service agreement. This is a suit over a faulty appraisal performed by Palmer that was commissioned by plaintiff under its service agreement with ARC. Thus, the third step of the *Hadley* analysis is satisfied.