IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ING BANK, FSB., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) Civ. No. 09-897-SLR | |
| | ) | |
| | ) | |
| AMERICAN REPORTING | ) | |
| COMPANY, LLC, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 7th day of November, 2012, in consideration of the parties'

motions in limine and the argument held in connection therewith at the pretrial

conference;

IT IS ORDERED that defendant's motion (D.I. 141) is granted in part and

denied in part, and plaintiff's motion (D.I. 142) is granted, for the reasons discussed

below.

1. **Background.** On October 31, 2012, both plaintiff and defendant filed

motions in limine. Defendant filed a motion seeking to preclude as hearsay the

admission of the State of Washington Department of Licensing, Business and

Professions Division's findings of fact, conclusions of law and default order against

Dana Palmer ("Default Order"). (D.I. 141, ex. B) Plaintiff's motion seeks to preclude

defendant from re-introducing a contributory negligence defense. (D.I. 142)

2. **Defendant's motion.** The court recognizes that public reports are presumed admissible in the first instance and the party opposing their introduction bears the burden to come forward with sufficient "negative factors" to persuade a court that a report should not be admitted. *In re Nautilus Motor Tanker Co.*, 85 F.3d 105, 113 (3d Cir. 1996). In this regard, Fed. R. Evid. 803(8) provides an exception to the hearsay rule for records or statements of a public office if:

> (A) it sets out:
>
> (i) the office's activities;
>
> (ii) a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel; or
>
> (iii) in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation; and
>
> (B) neither the source of information nor other circumstances indicate a lack of trustworthiness.

3. The touchstone of Rule 803(8), as with all of the hearsay rules, is trustworthiness. Factors which have been identified as relevant to a court's determination of trustworthiness in the context of Rule 803(8) include: "(1) the timeliness of the investigation; (2) the investigator's skill and experience; (3) whether a hearing was held; and (4) possible bias when reports are prepared with a view to possible litigation." *In re Nautilus Motor Tanker Co.*, 85 F.3d at 110 n.20. *See also In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 264 (3d Cir. 1983). As noted by the Third Circuit in *In re Japanese Elec. Prods. Antitrust Litig.*, "[m]ost governmental investigations proceed without either evidentiary hearings or the opportunity for cross-examination. The indice of reliability for the governmental investigative report is the fact that it was prepared pursuant to a duty imposed by

2

law." *Id.* at 268.

4.  There is no dispute that the Default Order was prepared by a public officer (the "Assistant Director" of the "Washington State Department of Licensing") acting within the scope of his duties. *See* Rev. Code Wash. § 18.140.170. Defendant nevertheless contends that there are indicia of untrustworthiness that take the Default Order out of the safe harbor of Rule 803(8), including: (a) the Default Order was not the result of an adversarial proceeding; (b) the Default Order does not provide any proof regarding the "vague admissions attributed to Palmer;" (c) the investigating official's "office and duty, unlike a judge, does not rise to the level of an adjudicator of the law;" and (d) "the allegations in the Default Order against [defendant] ARC concerning influence and control over Palmer are nothing more than bald opinions that lack any reliability or trustworthiness absent cross-examination." (D.I. 141, ¶¶ 23-26)

5.  I agree that the "admissions" attributable to Ms. Palmer lack any underlying indicia of reliability and constitute another level of hearsay not contemplated by Rule 803(8); therefore, paragraph 2.3 shall be redacted from the Default Order. Paragraphs 3.1 through 3.4 shall also be redacted from the Default Order, as the legal standards under which the "conclusions of law" were based are very different from those upon which the jury will be basing its decision at bar. With respect to the remainder of the report, it appears that the author of the Default Order conducted an investigation based on his review of Ms. Palmer's "workfile" and is presumed to have the background needed to make his findings of fact therefrom.

6.  **Plaintiff's motion.** While I do not agree that defendant is simply re-

packaging the identical contributory negligence defense previously excluded (*see* D.I. 103 at 9-13),[1] I nevertheless grant plaintiff's motion to exclude. In the joint pretrial order and at the pretrial itself, counsel for defendant explained that defendant was pursuing a contributory negligence defense based upon ING's role in the appraisal process, more specifically, that ING's review and ultimate approval of the Palmer appraisal was a legally contributing cause of ING's alleged harm. (D.I. 144 at 2) The problem with defendant's theory is that it is not supported by expert testimony. As argued by plaintiff, if defendant is arguing that the ING employee who reviewed the Palmer appraisal did so "negligently," defendant has the burden of demonstrating the standard of care to which said employee should be held, and a breach of that standard. The only evidence defendant has, by its own admission, is the testimony of the employee herself.

7. Delaware law is clear that, in a professional negligence case, evidence of the standard of care and causation is introduced only through expert testimony. *See, e.g., Seiler v. Levitz Furniture Co.*, 367 A.2d 999, 1008 (Del. 1976); *see also* Restatement (Second) of Torts §§ 463, 465.[2] Although there is some authority, in the

---

[1]Originally, defendant had argued that plaintiff was contributorily negligent based upon its actions taken with respect to the origination of the loan.

[2]The case law cited by defendant is inapposite to the facts at bar. *Johnson v. Doughty*, 433 F.3d 1001 (7th Cir. 2006), is a case brought by a pro se inmate under the Eighth Amendment and 42 U.S.C. § 1983; it is not a professional negligence case. Likewise, *Los Amigos Supermarket, Inc. v. Metro. Bank and Trust Co.*, 713 N.E.2d 686, 697 (Ill. App. 1999), stands for the proposition that an "exception exists" to the general requirement for expert testimony in a legal malpractice case "where the attorney's negligence is so apparent that a lay person would have no difficulty seeing it." Even the defendant has not argued that the case at bar fits within this exception.

4

context of medical malpractice cases, that defendant doctors may be called upon to offer their opinions as to the requisite standard of care in the community, these cases[3] are uniquely limited to the medical field, where the defendant doctors are deemed "experts" (in the first instance) who are familiar with the standard of care in their community (in the second instance). The ING employee at bar has not been qualified as an "expert" who is familiar with the standard of care attributable to licensed appraisers in the State of Washington.

8. In the absence of supporting expert testimony, I decline to allow defendant to bootstrap its new theory of contributory negligence onto a record that does not address the elements of said cause of action.[4]

_____
United States District Judge

---

[3] See Starkey v. Hunt-Madani Professional Associates, 1988 Del. Super LEXIS 112 (March. 31, 1988), and Schmidt v. Hobbs, 1988 Del. Super LEXIS 102 (March 17, 1988).

[4] Of course, the evidence related to the appraisal process will be before the jury, for it to review in the context of the causes of action at issue.